No. 31,064.

The City of Coffeyville, *Appellant*, v. Seth G. Wells, as State Oil Inspector, etc., *Appellee*.

(20 P. 2d 477.)

Opinion filed April 8, 1933.

*Walter S. Keith*, city attorney, for the appellant.

*Roland Boynton*, attorney-general, *Walter T. Griffin*, assistant attorney-general, and *Frazor T. Edmondson*, special attorney, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action brought in the district court of Montgomery county to restrain Seth Wells, as state oil inspector, from collecting or attempting to collect, directly or indirectly, the motor-vehicle fuel tax on gasoline purchased by the plaintiff city for municipal uses. Summons directed to the sheriff of Shawnee county was issued and served in Shawnee county. Thereafter the defendant filed his motion to quash service and to dismiss for the following reasons:

"That he, as state oil inspector of the state of Kansas, keeps and maintains his office and place of business in the capitol building in the city of Topeka, Shawnee county, Kansas, and does not reside nor has he been served with summons, in Montgomery county, Kansas;

"That the plaintiff seeks to maintain this action against the defendant as a public officer for an act, or acts, alleged to have been done by him in virtue and under color of his office; and this defendant alleges that neither the alleged cause of action, nor any part thereof, arose in Montgomery county, Kansas; that this defendant has no office or duties in said county, but performs all of his official duties in Shawnee county, Kansas;

"That this defendant has taken or performed no action or duty, nor is he about to perform any official act or duty, within the confines of Montgomery

county, Kansas, which would or could affect the plaintiff herein in any manner whatsoever, but that any or all such acts affecting plaintiff have been and will be performed in Shawnee county, Kansas;

"That if plaintiff has any cause of action or right to an injunction, the same did not arise in Montgomery county, Kansas, and that the pretended service of summons heretofore had herein is void and of no effect, that this court has no jurisdiction of the person of this defendant, and that this action is improperly brought in Montgomery county, Kansas."

Upon hearing, the motion was sustained, the service of process vacated and the action dismissed. The plaintiff appeals, contending that the motion constituted a general appearance because it tendered an issue of fact.

Plaintiff directs attention to R. S. 60-503, which provides that an action against a public officer for an act done by him in virtue or under color of his office must be brought in the county where the cause, or some part thereof, arose, and argues that some part of its cause of action arose in Montgomery county. It is true that under R. S. 1931 Supp. 79-3001 *et seq.* a dealer in Montgomery county from whom plaintiff might purchase gasoline has some duties to perform, but in so far as defendant is concerned, his duties are not performed, in whole or in part, in Montgomery county.

The question of venue in criminal actions arising out of a similar, and in part the same, statute was considered in *State v. Snell*, 131 Kan. 370, 291 Pac. 737, and this court said:

"The first question presented related to the matter of venue. The defendants were residents of Cheyenne county, where they were engaged as dealers in gasoline and other motor-vehicle fuels, and they were prosecuted in Shawnee county, where the state insisted that payments were to be made at the office of the state oil inspector. It is conceded that defendants were not doing business in Shawnee county, where they were tried and convicted. Defendants insist that as 'offenses committed against the laws of this state shall be punished in the county in which the offense is committed except as may be otherwise provided by law' (R. S. 62-401), the venue was in Cheyenne county where the defendants were engaged in business. The defendants, as stated, were prosecuted for a violation of chapter 274 of the Laws of 1925, which imposes a tax on the sale or use of motor-vehicle fuels, provides for the payment, collection and disposition of the revenue derived from the tax and imposes penalties for violations of the act. Section 4 of the act requires that sworn reports of the motor-vehicle fuel received by dealers, from any source, shall be made to the state oil inspector at stated times. In section 5 it is provided that at the time of making the required reports the dealers shall pay the tax due to the state oil inspector. The statute does not expressly provide the place of payment, but does require it to be made to the state oil inspector, and it is a reasonable inference that it must be paid at the office

maintained by the state oil inspector. There he keeps his accounts with dealers, and there reports by dealers are filed and preserved for future reference. The state oil inspector is a state office created by law, and we must take notice of the existence of his office, and the place where he transacts business with the public. It is a matter of general and common knowledge that the office is at the capitol of the state in Shawnee county, the headquarters of other state officers." (p. 371.)

And the matter of venue of actions against public officers received attention in *State, ex rel., v. Flannelly*, 96 Kan. 372, 380, 152 Pac. 22, and involved the right of a receiver to sue the public utilities commission in the court which appointed him, and this court said:

"What part of the receivers' cause of action against the commission arose in Montgomery county? They say their right to sue, their right to protect the property in their control. All persons have a right to sue when their rights of person or property are invaded. A state officer, acting under the law, at the capitol, may perform an act which some individual somewhere in the state believes invades his rights or does him a wrong. Such party cannot sue unless his rights have been invaded, but that invasion by an act wholly performed in another county does not give the aggrieved party the right to sue outside the county where the act was done. The action in the district court stands just the same as if the receivers were attempting to contest the validity of an act of the legislature, and were seeking to enjoin the attorney-general, or the auditor of state, or the tax commission, or the state board of health, from proceeding thereunder.

"The evident purpose of the statute is to confine actions on account of the conduct of officers to the county or counties in which the act or acts of the officers were done. These views are supported by *Clay v. Hoysradt*, 8 Kan. 74, where this court said: 'The language of this section is plain, and needs no comment from us. By it proceedings against public officers for official acts are referred to the courts of the county where the acts are done. It is an expression of the purpose of the legislature to localize suits against officers. It relieves them from the necessity of deciding between the conflicting orders of courts of different counties. They are amenable only to the courts of the county in which they are acting.' (p. 80. See *Fay v. Edmiston*, 28 Kan. 105, 108.)"

A logical interpretation of R. S. 1931 Supp. 79-3001 to 79-3011, inclusive, leads to the conclusion that the venue of actions brought against the state oil inspector to determine rights under the above statutes is in Shawnee county.

Did the defendant, by reason of the matters included in his special appearance and motion to quash the process issued against him, enter a general appearance in the action?

In *Bishop v. Fisher*, 94 Kan. 105, 113, 145 Pac. 890, it was said:

"The plaintiff's motion may be read in such a way as to indicate a general

submission to the jurisdiction of the court, but here, as elsewhere in procedure, substance alone is to be regarded, and it is quite clear that the sole purpose was to challenge jurisdiction."

And in *Shearer v. Insurance Co.*, 106 Kan. 574, 189 Pac. 648, the third paragraph of the syllabus recites:

"A general appearance is not effected by the insertion, in a motion to set aside the service of summons, of allegations concerning some of the facts on which the plaintiff's claim is founded, which are made because of their bearing upon the validity of the service, and which are material to that question."

And see, also, *Poorman v. Carlton*, 122 Kan. 762, 766, 253 Pac. 424.

The statements contained in the defendant's motion might, in one view of the matter, be said to put in issue some of the allegations of the petition, but it is evident from the whole of said motion that the statements are included because of their bearing upon the question of venue and of the validity of service of process.

The order of the lower court was correct and the judgment is affirmed.