No. 34,842

EARL F. WAKEFIELD, *Appellee*, v. THE CORPORATION COMMISSION OF THE STATE OF KANSAS et al., *Appellants*.

(101 P. 2d 880)

Opinion filed May 4, 1940.

*Harold Medill, Chester Stevens*, both of Independence, and *John F. Jones*, of Topeka, for the appellants.

*J. B. McKay*, of El Dorado, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an injunction suit against the State Corporation Commission. Plaintiff prevailed, and the commission appealed. We shall refer to the parties as the plaintiff and the commission.

Plaintiff was a resident of Sedgwick county and the owner of a producing oil and gas lease in Cowley county. The commission issued a proration order which restricted the production of oil from wells on plaintiff's lease. The purpose of the suit was to restrain and enjoin the commission from enforcing its proration order which limited the production of oil to less than the market demand for the crude oil produced. The district court restrained the commission, until further order of the court, from interfering with or limiting the production to less than the market demand. Prior to the issuance of the restraining order, the commission appeared specially and moved to quash the pretended service of summons upon the commission for the reason the suit was improperly brought in Cowley county and the court was without jurisdiction of the persons and subject matter. The motion was overruled. The commission lodged a demurrer to the petition which likewise challenged the jurisdiction of that court. The demurrer was overruled.

The commission contends this court has repeatedly held the venue for actions against state officers and commissions of the state is in Shawnee county, where their principal office is located, and from which their orders are made, unless legislative authority is granted to file actions elsewhere. (*State, ex rel., v. Flannelly*, 96 Kan. 372, 152 Pac. 22; *City of Coffeyville v. Wells*, 137 Kan. 384, 20 P. 2d 477; *Rome Mfg. Co. v. State Highway Comm.*, 141 Kan. 385, 41 P. 2d 761; *Gresty v. Darby*, 146 Kan. 63, 68 P. 2d 649; *Verdigris River Drainage Dist. v. City of Coffeyville*, 149 Kan. 191, 194, 86 P. 2d 592.) In the last case cited, the venue of an action against the state highway commission was involved. The authorities were again reviewed, and it was held:

"The venue of an action against the state highway commission is in Shawnee county, except as to those matters in which the legislature has specifically provided an action against it may be brought elsewhere." (Syl. ¶ 2.)

Plaintiff does not challenge those decisions. He contends the statute here involved, to wit, section 5, chapter 227, Laws 1939 (G. S. 1939 Supp., 55-606), authorizes the filing of an action in the

district court of the county where the property affected by the order of the commission is located. The only question presented is, therefore, whether the statute authorizes the filing of the instant injunction suit against the commission in Cowley county. In order to ascertain the legislative intent, it is necessary to examine the statute. For the convenience of the reader we have numbered the various provisions contained in the statute. It reads:

"(1) Any action *for judicial review* of any rule, regulation, order or decision of the commission may be brought against the commission in the district court of any county in the state wherein the property affected thereby is located, or, if the property affected thereby is located in different counties, then the jurisdiction shall lie in either of such counties. (2) Before *any such action* may be brought by a person who was a party to the proceeding resulting in the making of a rule, regulation, order, or decision of the commission, a petition for rehearing shall first be filed with the commission within ten days from the date of the making of the rule, regulation, order, or decision in question. (3) A rehearing shall be granted or denied by the commission within ten days from the date said petition is filed and if rehearing be not granted within ten days it shall be taken as denied. (4) If rehearing be granted the matter shall be set for hearing as promptly as shall be convenient, and shall be determined by the 'commission within thirty days after the same shall be submitted. (5) *Such action* may be brought by any person aggrieved, whether or not such person was the applicant for rehearing, within thirty days after the denial of the petition for rehearing, or, if rehearing is granted, then within thirty days after the final decision by the commission. (6) If no petition for rehearing be filed, then any person aggrieved who shall not have been a party to any such proceeding before the commission may bring an action *for the judicial review* of any such rule, regulation, order, or decision of the commission at any time after ten days and within thirty days from the date of the making of such rule, regulation, order or decision. (7) Any rule, regulation, order or decision of the commission *may be superseded* by the district court upon such terms and conditions as it may deem proper. (8) All actions *brought under this section* shall have precedence in any court and on motion shall be advanced over any civil cause of different nature pending in such court, and such action shall be tried and determined as other civil actions. (9) *In any such action* an abstract of the record of all evidence and proceedings before the commission shall be filed by the complaining party and a counter abstract may be filed by the commission or any other interested party. (10) The district court may, when it deems it necessary and in the interest of justice, *remand any such action* to the commission with directions that the same be further investigated or additional evidence taken by the commission. (11) After making such further investigation or receiving such additional evidence the commission may change, modify or set aside the rule, regulation, order or decision in question, and if the party who instituted the *action for review in the district court* shall not be satisfied with such decision, then upon written request of any such party, the commission

shall make a report of its further investigation and final decision and send a certified transcript of such additional evidence as may have been tendered by any party in interest to the district court and thereupon the district court shall proceed to hear and determine the action *upon the complete record.* (12) The court shall not be bound by any finding of fact made by the commission. (13) *The authority of the court shall be limited to a judgment either affirming or setting aside in whole or in part the rule, regulation, order or decision of the commission.* (14) Appeals to the state supreme court may be taken from the judgment of the district court as in other civil actions. (15) Nothing herein shall be construed in any manner to change, restrict, prohibit, or to deny to any person any of the usual equitable remedies." (Emphasis supplied.)

Plaintiff contends the first sentence of the statute clearly contains the legislative consent to bring the instant action in the district court of Cowley county, where the property affected by the order is located. We do not think the sentence is reasonably open to that interpretation. That sentence does not say an original and independent action may be brought against the commission in the district court of a county in which the property affected by the order of the commission is located. The statute does not purport to concern itself with the subject of original and independent actions. It expressly restricts itself to actions of a particular character, namely, actions for judicial review of any rule, regulation, order or decision of the commission. The instant suit, filed in Cowley county, was an original and independent injunction suit. It was not an action for judicial review of the order of the commission.

In the oral argument before this court, plaintiff also stressed certain language contained in the eighth sentence of the statute, which concludes with the language, "and such action shall be tried and determined as other civil actions." It will be noted, however, that the sentence referred to begins with the words, "All actions brought under this section . . . ." The section pertains to actions for judicial review.

The statute must be read and construed in its entirety. It will therefore be helpful to return to the beginning of the statute and to examine its various provisions. As previously indicated, the first sentence pertains to actions for judicial review. The second sentence begins with the words, "Before any *such action* may be brought . . . ." The fifth sentence likewise begins as follows: "*Such action* may be brought . . . ." The sixth sentence provides that any person aggrieved who is not a party to the proceeding before the commission and where no petition for a rehearing of

the rule, regulation, order or decision of the commission was filed, may have a *judicial review*. In the seventh sentence we find a provision which authorized the district court to *supersede* any rule, regulation, order or decision of the commission. That language likewise is in harmony with the other provisions of the statute which indicate the function of the district court was intended to be one of judicial review. The eighth sentence has been noted heretofore. The ninth sentence provides, "In *any such action* an abstract of the record of all evidence and proceedings before the commission shall be filed by the complaining party and a counter abstract may be filed by the commission or any other interested party." That language clearly indicates the lawmakers intended a review of the record of the commission. The tenth sentence likewise illuminates the legislative intent. It provides the district court may *remand any such action* to the commission with directions that the same be further investigated or that additional evidence be taken by the commission. The eleventh sentence provides that the aggrieved party who instituted the action *for review in the district court*, if not satisfied after the hearing on remand, may have the additional record and final decision of the commission certified to the district court and have a hearing and determination of the action upon the complete record. The twelfth sentence, in providing that the district court shall not be bound by any finding of fact made by the commission, clearly indicates it was intended the district court should review the record before the commission in order to make its own independent findings of fact. The thirteenth sentence reads, "The authority of the court shall be limited to a judgment either affirming or setting aside in whole or in part the rule, regulation, order or decision of the commission." Manifestly, that language does not indicate a legislative intent to authorize the filing of an original, independent action in the district court. It does affirmatively indicate there should be a judicial review of the record, with the view of affirming or seting aside in whole or in part the rule, regulation, order or decision of the commission. In the instant case, plaintiff did not endeavor to have the order of the commission set aside after a judicial review of the record before the commission, but, on the contrary, plaintiff sought, by an original and independent action, to enjoin the enforcement of the order of the commission.

We think the last sentence of the statute was merely intended

to save to persons the usual equitable remedies which they possessed prior to the enactment of the statute in question. Prior to its enactment plaintiff did not possess the right to enjoin the commission, by suit in the district court of Cowley county, from enforcing its order made in Shawnee county. The last sentence clearly does not undertake to grant any new right. An examination of the entire statute compels the conclusion it was not the intent of the lawmakers to grant the right to institute an original and independent injunction suit against the commission in the district court of the county where the property affected by the order of the commission was located.

In its brief the commission also presents questions· which pertain to the sufficiency of the petition to state a cause of action. Those questions are not properly before us. The sole issue here is that of venue. On that issue the ruling of the court below must be reversed. It is so ordered.