No. 39,433

KANSAS-NEBRASKA NATURAL GAS COMPANY, INCORPORATED, *Appellant*, v. STATE CORPORATION COMMISSION OF THE STATE OF KANSAS; JEFF A. ROBERTSON, Chairman, DEWITT M. STILES and CHARLES H. WARREN, members of said commission, and their respective successors in office, *Appellees.*

No. 39,434

CITIES SERVICE GAS COMPANY, a corporation, *Appellant*, v. STATE CORPORATION COMMISSION OF THE STATE OF KANSAS; JEFF A. ROBERTSON, Chairman, DEWITT M. STILES and CHARLES H. WARREN, members of said commission, and their respective successors in office, *Appellees.*

(271 P. 2d 1091)

Opinion filed June 12, 1954.

*Joe Rolston,* of Oklahoma City, Okla., and *Clayton E. Kline,* of Topeka, argued the cause, and *O. R. Stites,* of Oklahoma City, Okla., *Mark H. Adams,* and *William I. Robinson,* both of Wichita, *James D. Conway,* of Hastings, Neb., and *M. F. Cosgrove,* of Topeka, were with them on the briefs for the appellants.

*Jay Kyle,* of Topeka, and *R. C. Woodward,* of El Dorado, argued the cause and were on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: Two separate appeals, No. 39,433 and No. 39,434, both actions against the state corporation commission, have been consolidated for review in this court. The first numbered action

was instituted by Kansas-Nebraska Natural Gas Company and the second by Cities Service Gas Company. Both actions were filed in the district court of Shawnee county. The parties agree the decision in case No. 39,434 will control both appeals. We, therefore, shall consider only the appeal in that case.

The appeal is by plaintiff from an order sustaining defendant's motion to quash the service of summons on the ground the court was without jurisdiction of the parties or subject matter. The reasons alleged in that motion are in many respects similar to the grounds of defendant's motion to dismiss the appeal to this court. In the main the motion to dismiss the appeal is based on the ground the district court lacked jurisdiction of the parties and subject matter and therefore the appeal did not confer jurisdiction on this court.

We think these questions require an examination of the petition. The order of the commission (appellee) which occasioned the action was promulgated May 20, 1953. That order fixed the formula or standard for the measurement of a cubic foot of gas. Appellee's former order on that subject reads:

"Gas, Cubic Foot, shall mean the volume of gas at a temperature of 60 degrees Fahrenheit required to fill one cubic foot of space under an absolute pressure of 16.4 pounds. In all computations of gas delivery it may be assumed that the gas obeys Boyle's law governing the volume and pressure of the gases and that the flowing temperature is 60 degrees Fahrenheit. The volume of the gas shall be corrected for specific gravity, which shall be determined by the use of the balance method."

The subsequent order of May 20, 1953, here involved, together with its purpose reads:

"5. That the portion of Rule 82-2-201 relating to the definition of 'Gas, Cubic Foot' referred to in Finding No. 3 [quoted above] is antiquated, unfair and unreasonable and provides a method of discrimination against citizens of this state; that said definition should be repealed, rescinded and held for naught.

"6. That in the interest of avoidance of waste and protection of correlative rights, and as a standard for a measurement which will be uniform in application with others in common usage in this area, the Commission should adopt and promulgate, as a part of Rule 82-2-201, in the interest of gas conservation, the following definition to wit:

" 'Gas Cubic Foot, shall mean the volume of gas contained in one cubic foot of space at a standard pressure base and at a standard temperature base. The standard pressure base shall be 14.65 pounds per square inch absolute, and the standard temperature base shall be 60 degrees Fahrenheit. Whenever the conditions of pressure and temperature differ from the above standard, conversion of the volume from these conditions to the standard conditions shall be made in accordance with the Ideal Gas Laws corrected for deviation.' "

The commission accordingly made the last order effective as of 12:01 a. m. of July 1, 1953, and made it applicable to the withdrawal of gas from each and every field in the state.

The petition, insofar as now material, in substance, alleged:

Defendant's principal office and place of business is in Topeka (Shawnee county) where its orders are made and issued; plaintiff is engaged generally in the business of producing, purchasing, transporting and selling natural gas for resale in interstate commerce; in the performance of such business and operations it produces, purchases, transports and sells natural gas produced in and from several gas fields in this state; plaintiff's contract prices for gas differed depending on various stated factors; its contract prices were based on the former standard of measurement; the new standard operates to increase such prices and impairs plaintiff's rights and obligations under subsisting leases and contracts.

The petition, in substance, further alleged:

Plaintiff filed a petition for rehearing before the commission in which it set forth the foregoing facts; it directed the commission's attention to the indefiniteness and uncertainties of the new order as applied to plaintiff's varied forms of business operations; the order was subject to conflicting interpretations; it requested the order be clarified; that the order be set aside as invalid for the following reasons:

The order did not contain a citation of the authority pursuant to which it was adopted as required by G. S. 1949, 77-406 and was not entitled to be filed with the revisor of statutes in order to have the effect and force of law, as provided in G. S. 1949, 77-410; the order impairs its rights in violation of the constitution of this state and particularly section 10, article 1, of the federal constitution; it deprives plaintiff of its property and contract rights in violation of the due process clauses of the federal and state constitutions; it denies plaintiff the equal protection of the law in violation of the fourteenth amendment to the federal constitution; it allows the commission to usurp legislative power not granted to it expressly or by necessary implication; it does not constitute a valid exercise of police power and would be arbitrary, discriminatory and irrelevant to the prevention of waste, economic or otherwise, or the protection of correlative rights or the conservation of natural gas as a natural resource.

The instant petition filed in the district court further, in substance, alleged that in plaintiff's petition for rehearing before the commission it directed attention to the fact the commission's findings and order were not supported by the evidence adduced at the hearing; appellant had a right to assume the order would conform to the testimony adduced and was, therefore, under no duty to

cross-examine the expert witnesses called by the commission or to offer evidence in opposition thereto; plaintiff's petition for rehearing was denied; plaintiff would be subject to severe penalties under the statutes if it be determined plaintiff violated the order; an actual controversy existed *between it and the commission* relative to the interpretation of the order; under the provisions of G. S. 1949, 60-3127 and 60-3132 it was entitled to a declaratory judgment interpreting the order and to consequential injunctive relief against the commission if the order were declared invalid.

The instant petition further alleged:

"14. Plaintiff alleges that it has no other adequate, practicable or complete remedy; that G. S. 1949, 55-606 is a discretionary remedy for judicial review and specifically provides, among other things, that the authority of the Court on such a judicial review 'Shall be limited to a judgment either affirming or setting aside in whole or in part the rule, regulation, order or decision of the Commission' here in question. Said judicial review statute does not purport to grant the Court authority to construe and interpret the meaning of such an order as here in question as applied to the business and operations of plaintiff as set forth herein and by reason thereof is wholly inadequate to protect the interests and rights of plaintiff herein; that said judicial review statute provides, among other things, that said judicial review action shall be tried solely upon the record made before said Corporation Commission and additional evidence may not be introduced by plaintiff at the trial of said action in the District Court; that no evidence was introduced by plaintiff at the hearing before the Corporation Commission in said Docket No. 34,780-C upon which defendants base said order, Exhibit 'B' herein, changing and revising said measurement base because and by reason of the facts set forth in the last paragraph of plaintiff's petition for rehearing, Exhibit 'C' herein; that evidence of plaintiff's business and operations as hereinbefore set forth is necessary and essential to a determination of plaintiff's rights and obligations on a judicial review of said order in question herein; that if plaintiff should seek a judicial review under the aforesaid statute, it has no assurance that the District Court would, on request of plaintiff, remand such action to the Commission for further investigation or the reception of additional evidence, as such authority rests solely in the sound discretion of the District Court. In addition to the foregoing, said judicial review statute specifically provides:

" 'Nothing herein shall be construed in any manner to change, restrict, prohibit, or to deny to any person any of the usual equitable remedies.'
"By reason of the foregoing, plaintiff is entitled to institute and maintain this declaratory judgment action and the consequential relief herein requested."

Appellant contends appellee's motion to quash the service of summons was not based on the theory there was any defect in the service of the summons but was predicated on various legal contentions involving appellant's right to maintain the instant action in the district court of Shawnee county. We think appellant's conten-

tion in that respect is sound. Appellee's motion to dismiss the appeal in this court raises most, if not all, of the same legal questions presented in its motion to quash the service.

Both of appellee's motions raise the question, among others, whether appellant may maintain an independent action for a declaratory judgment and for injunctive relief against the commission in the district court of Shawnee county which court, it is conceded, is not a court of review in this case. We think, under the circumstances, appellee's motion to dismiss the appeal should be denied.

We shall, therefore, examine the petition in order to determine whether it states facts which permit appellant to maintain the instant independent action, in view of the relief sought, instead of seeking the desired relief in a court of review provided by the oil and gas conservation act. It is appellant's contention the act authorizes the instant independent action and does not limit it to an action in a court of review. The question requires careful analysis of the act in order to ascertain the legislative intent.

Appellant properly contends the legislative intent must be determined from a consideration of not merely one but of all the pertinent provisions of the act. It is well to note at the outset the legislature has granted authority to the commission *to interpret* its own rules, orders and regulations and to determine any right thereunder in the manner provided in G. S. 1949, 55-605. (See G. S. 1949, 55-706.) It is not our understanding that the interpretation or validity of any order of the commission is beyond the reach of a reviewing court under the oil and gas conservation act. G. S. 1949, 55-707 reads:

"That actions *for judicial review of any rule, regulation, order or decision of the commission under the provision of this act* may be brought and proceedings respecting same shall be governed by and appeals may be taken as provided in section 55-606 of the General Statutes of Kansas of 1935, as amended, *and that each and all of the provisions of said section, as so amended, shall apply to and govern such actions arising under this act."* (Our italics.)

If, as appellant contends, the instant standard of measurement is so indefinite and uncertain that it cannot proceed with safety in its operations we see no reason for concluding it could not bring an action for judicial review of that question. G. S. 1949, 55-606, in part, provides:

"Any action for judicial review *of any rule, regulation, order or decision* of the commission may be brought against the commission *in the district court of any county in the state wherein the property affected thereby is located,*

or, if the property affected thereby is located in different counties, then the jurisdiction shall lie in either of such counties. . . ." (Our italics.)

Appellant admits the instant action is not one for judicial review of the commission's order and that it was not filed in the district court of a county in which property affected by the order is located.

The last mentioned statute also provides that an action for a review of the commission's rule, regulation or order may be brought by any person aggrieved thereby. The same statute further provides: Such actions on review are to be *tried and determined as other civil actions;* the reviewing court is not bound by any finding of fact made by the commission; it may *supersede* any rule, regulation, order or decision of the commission *as it may deem proper;* a complete abstract of the record of all evidence and proceedings before the commission must be filed in the reviewing court by the complaining party; if such court *deems it necessary and in the interest of justice it may remand the action* to the commission with directions that it take additional evidence; after such further investigation the commission may change, modify or set aside its rule, regulation, order or decision; the dissatisfied party may thereafter have another hearing before the court of review upon the complete record and the reviewing court may render judgment, affirming, setting aside, in whole or in part, the rule, regulation, order or decision of the commission and an appeal lies to this court from the decision of the reviewing court.

In view of the broad powers granted to the reviewing court it would appear the legislature intended an aggrieved party should have a full and complete remedy in that court relative to any grievance he may have resulting from any rule, order or regulation of the commission. In the light of the fact a complete record of the commission's proceedings must be filed in the reviewing court it is logical to conclude the remedy in that court is fuller, more adequate and complete than it could be in an independent action before a court which does not have the benefit of the record on which the commission's order is based.

One of the allegations in appellant's petition for rehearing before the commission was that the commission's order was not supported by the evidence adduced at the hearings before the commission and that the evidence, in fact, required an entirely different order. If that be true it could be established only by a reviewing court which had such record before it. In support of appellant's conten-

tion it had no adequate remedy before a reviewing court the petition also alleged:

". . . that evidence of plaintiff's business and operations as hereinbefore set forth is necessary and essential to a determination of plaintiff's rights and obligations on a judicial review of said order in question herein; that if plaintiff should seek a judicial review under the aforesaid statute, it has no assurance that the District Court would, on request of plaintiff, remand such action to the Commission for further investigation or the reception of additional evidence, as such authority rests solely in the sound discretion of the District Court."

If appellant believed additional evidence was necessary it should have presented it to the commission pursuant to the provisions of G. S. 1949, 55-605. Moreover, this court cannot assume a court of review would not exercise reasonable discretion relative to remanding the action to the commission "when it deems it necessary and in the interest of justice."

In treating the motion to quash the service of summons as a demurrer to the petition, as appellant contends it should be, it must be remembered a demurrer admits only facts well pleaded and does not admit naked conclusions. In consideration of the extensive powers granted to a court of review we are obliged to conclude the allegation appellant is without an adequate remedy in a court of review constitutes a conclusion which is not admitted on demurrer.

Appellant argues the power of a reviewing court is limited and cannot grant full relief. It directs attention to the provisions in G. S. 1949, 55-606 which provides, "The authority of the court shall be limited to a judgment either affirming or setting aside in whole or in part the rule, regulation, order or decision of the commission." Assuming that provision constitutes as drastic a limitation of power as appellant contends it is clear a reviewing court would have had ample power and authority to set aside the order here complained of in its entirety. In that event no separate order enjoining the commission from enforcing the order would have been necessary. It expressly has been held the quoted provision does not indicate a legislative intent to authorize the filing of an original, independent action in a district court. (*Wakefield v. State Corporation Comm.,* 151 Kan. 1003, 1007, 101 P. 2d 880.)

Appellant relies on the concluding sentence in the same statute which reads:

"Nothing herein shall be construed in any manner to change, restrict, prohibit, or to deny to any person any of the usual equitable remedies."

It argues that provision preserved the right to bring an independent action for a declaratory judgment and injunctive relief. The contention has received our studious consideration. It frankly should be conceded the provision at first blush might appear to preserve independent equitable remedies. If such a conclusion were tenable it would nullify the broad jurisdiction and powers of a reviewing court to do justice on the basis of the full record made before the commission.

It is too clear to be doubted the review provisions were enacted to enable a reviewing court to correct errors which might be committed by the commission in order that justice would be insured to an aggrieved party on the basis of the complete record. It should be noted the review statute in nowise denies the reviewing court the right to apply equitable principles. It provides actions in the reviewing court shall be *tried and determined* as other civil actions. That includes a trial and determination of actions on equitable considerations. In fact the entire authority to prevent waste under the conservation act is predicated fundamentally on equitable principles.

Various statutes *in pari materia* and all parts of a single statute must always be construed together with a view of reconciling and bringing them into workable harmony if reasonably possible to do so. (*Talbott v. Nibert,* 167 Kan. 138, 206 P. 2d 131; *State v. Sumner,* 169 Kan. 516, 219 P. 2d 438; *Kimminau v. Common School District,* 170 Kan. 124, 223 P. 2d 689.)

When so read and construed we think the provision in question was intended to mean suitable equitable remedies should not be denied to an aggrieved party in the review action. It would do violence to the legislative intent to conclude it was intended equitable remedies should be available in an independent action when complete and adequate equitable relief may be obtained in the reviewing court. Any other interpretation would throw the entire procedure for the determination of rights under the conservation act into utter chaos. The primary intent and purpose of the review statute was to eliminate the uncertainty and confusion which resulted from independent actions involving the interpretation, validity and enforcement of rules, regulations, orders or decisions of the commission.

It is true, as appellant contends, the provisions of the conservation act are not in all respects the same as those contained in the public utilities act. We need not borrow provisions of the latter act to

support the instant decision. The previously indicated purpose and intent of a review statute, however, is the same under both acts. It was early stated in *Wichita Gas Co. v. Public Service Com.*, 132 Kan. 459, 461, 295 Pac. 668, and need not be repeated here. It is inconceivable to believe the legislature intended an independent action for declaratory judgment and injunctive relief against the commission could be maintained in one district court, without the benefit of the record made before the commission, while another action for the same purpose could be maintained on such record in the reviewing court by another party affected by the same order. Such proceedings readily might result in wholly contrary judgments and endless confusion.

In Borchard on Declaratory Judgments, 1934 ed., the rule is stated as follows:

"Where, however, a *special statutory* method for the determination of the particular type of case has been provided, it is not proper to permit that issue to be tried by declaration. This would amount to ousting of its jurisdiction a statutory court prescribed for the particular case, and it was not intended that a declaration should be employed for such a purpose. This, however, is quite different from refusing a declaration merely because a general or common-law remedy might have been invoked." (p. 156, 157.)

See, also, 1941 edition by same author, p. 321-322, and *Arkansas Power & Light Co. v. Federal Power Com.*, 60 F. Supp. 907.

In *Columbian Fuel Corporation v. Panhandle Eastern Pipe Line Co.*, 176 Kan. 433, 271 P. 2d 773, this day decided, we said:

"If an aggrieved party desires to challenge the commission's order, or any part thereof, his remedy is before the commission and under the review statute, G. S. 1949, 55-707." (p. 441.)

In *Wakefield v. State Corporation Comm.*, 151 Kan. 1003, 101 P. 2d 880, plaintiff filed an independent action in the district court of Cowley county to enjoin the commission from enforcing a proration order. The property affected by the order was located in that county. The commission filed a motion to quash the service of summons, which was overruled. It then filed a demurrer to the petition which also was overruled. This court reversed the decision of the district court. The questions decided were whether an independent action to enjoin the commission from enforcing its proration order could be maintained and whether such action was properly brought in that county. We held it was not properly brought in Cowley county for the reason that, unless otherwise pro-

vided by statute, an independent action against the commission must be filed in Shawnee county. We further held:

"The provisions of section 5, chapter 227, Laws 1939 (G. S. 1939 Supp. 55-606), construed, and *held:* (a) It was not the intention of the lawmakers to grant to a person aggrieved by an oil-proration order of the state corporation commission the right to enjoin the commission from enforcing its order by an independent action in the district court of the county where property affected by the order was located, but it was the intention such person should have the right to invoke the jurisdiction of that court for the purpose of obtaining a *judicial review* of any rule, regulation, order or decision of the commission. . . ." (Syl.)

In the instant case the independent action against the commission, insofar as venue is concerned, was properly filed in the district court of Shawnee county, if such an independent action may be maintained. We have concluded an independent action, such as the instant one, may not be maintained in any court and that such legal or equitable remedies as a party aggrieved by the commission's order may have must be asserted in an action filed in the court of review designated in the conservation act. It follows the district court of Shawnee county lacked jurisdiction to entertain the instant independent action. The result of all this is to place heavy duties and responsibilities on a reviewing court to make certain the rights of a party feeling aggrieved by a rule, order or regulation of the commission are adequately protected.

We have not overlooked the numerous helpful decisions supplied by the industry of counsel relative to the question decided or the authorities touching various other questions argued in the briefs. In view of the conclusion reached we do not deem it necessary to extend the opinion with a treatment of additional matters.

The order of the district court is affirmed.