William W. Jeter, Counsel Unified School District No. 489 Emprise Bank Building P.O. Box 128 Hays, Kansas 67601
Dear Mr. Jeter:
As legal counsel for Unified School District No. 489, you request our opinion regarding whether a unified school district is obligated to reimburse a private individual for mileage costs incurred in transporting a pupil from the pupil's residence to a gathering place along the regular school route so that the pupil may be transported by school bus to a private or parochial school.
Unified School District No. 489 (U.S.D. No. 489) furnishes transportation for pupils who are attending public schools located in the territory comprising the school district. The Board of Education for U.S.D. No. 489 has established regular school routes to accommodate its pupils who are to be transported to and from school every school day. If a pupil who attends public school resides more than one mile from a prescribed regular school route, the District has contracted with the pupil's parents to reimburse them for transporting the pupil to a location along a regular school route. Children who attend private or parochial schools within the District's territory are also provided transportation on the District's buses, provided they reside along a regular school route or gather at places located along a regular school route. Parents of children who attend private or parochial schools are not reimbursed by the District for any costs incurred by the parents in transporting children to gathering places, regardless of the distance of their residences from a prescribed regular school route. The parent of a child who attends a parochial school located in the territory comprising U.S.D. No. 489, and whose residence is six miles from a gathering place along a prescribed regular school route, has requested reimbursement from the District for the costs incurred by the parent in transporting the child to the gathering place.
The obligations of a school district in providing transportation for pupils are outlined in K.S.A. 72-8301 et seq.
 "The board of education of a school district may provide or furnish transportation for pupils who are enrolled in the school district to and from any school of the school district. . . ."[1]
Under the conditions set forth in subsection (b)(1) of K.S.A. 1999 Supp.72-8302, as amended by L. 2000, Ch. 155, § 4, a school district is obligated to provide transportation for pupils attending the schools of the school district.
However, the authority of a school district to provide transportation to pupils is not limited to providing such service to only those pupils who attend the schools of the school district.
 "(a) Whenever any school district shall provide or furnish transportation under authority of this act for pupils attending the public schools, pupils residing in such school district attending private or parochial schools of elementary or high school grades which are accredited by the state board of education, who shall reside on or along the highway or street constituting the regular route of a school bus, or who shall gather at some place on the regular route nearest or most easily accessible to their homes or such schools, where such transportation is provided for pupils attending the public schools, shall be entitled to the privilege of such school bus transportation upon such regular route as arranged for the benefit of pupils attending public schools. For the purposes of this section, regular route shall not include any route arranged by the school district for the transportation of exceptional children to special education services.
 "(b) Whenever any school district shall provide or furnish transportation under authority of article 83 of chapter 72 of the Kansas Statutes Annotated for pupils attending the public schools, it may provide or furnish transportation for pupils residing in the district and attending private or parochial schools of elementary or high school grades which are accredited by the state board of education to such extent and upon such conditions as the school district shall deem appropriate. The authorization contained in this subsection (b) shall be in addition to the requirement provided in subsection (a) of this section.
 "(c) Whenever any school district shall provide or furnish transportation under authority of this section for pupils attending private or parochial schools, such transportation shall be provided or furnished to such pupils under the same terms and conditions as are imposed upon pupils attending the public schools."[2]
In determining whether a school district is obligated to reimburse a parent of a pupil who attends a private or parochial school for costs incurred by the parent in transporting the pupil to a gathering place along the prescribed regular school route, interpretation of the provisions of K.S.A. 72-8306 is required.
"The interpretation of a statute is a question of law, and th[e] court's review is unlimited. The fundamental rule to be applied when interpreting a statute is that the intent of the legislature governs, where that intent can be ascertained."[3] "In determining the legislative intent, the court considers all parts of an act together rather than considering provisions in isolation."[4] The Court "must `construe all provisions of statutes in pari materia with a view of reconciling and bringing them into workable harmony, if reasonably possible to do so.'"[5]
The obligation to provide transportation for a pupil varies depending on whether the pupil attends public school or private or parochial school, and whether the pupil's residence is along a prescribed regular school route or the pupil is gathering at a place along a regular school route. "K.S.A. 19[99] Supp. 72-8302, [as amended,] . . . makes mandatory the providing or furnishing of transportation for pupils who reside in the school district, attend grades kindergarten through twelve [at any school of the school district], and who reside more than two and one-half miles from the schoolhouse with some limited exceptions for those living and attending school in cities."[6] "A school district may fulfill its obligation to `provide or furnish transportation' for students (1) by furnishing bus transportation over prescribed routes, (2) by reimbursing persons who furnish transportation in privately owned motor vehicles, or (3) by a combination of bus transportation and mileage reimbursement."[7]
A school district possesses the authority to prescribe the regular school routes necessary for it to fulfill its obligation in providing transportation for its pupils.[8]
Once the regular school routes are prescribed, the school district's obligation to provide or furnish transportation to pupils attending private or parochial schools within the territory of the school district can be determined. "Where a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should be."[9] The statute clearly states that "pupils . . . attending private or parochial schools . . . who shall reside on or along the highway or street constituting the regular route of a school bus, or who shall gather at some place on the regular route nearest or most easily accessible to their homes or such schools . . . shall be entitled to the privilege of such school bus transportation upon such regular route as arranged for the benefit of pupils attending public schools."[10] There is an affirmative obligation placed upon a school district that provides school bus transportation for its pupils to provide school bus transportation for pupils attending private or parochial schools who reside along a prescribed regular school route or gather at a place along a regular school route. Further, the school district "may provide or furnish transportation for pupils . . . attending private or parochial schools . . . to such extent and upon such conditions as the school district shall deem appropriate."[11] This authority, however, is permissive.[12] There is no mandatory obligation placed upon a school district to provide or furnish transportation for pupils attending private or parochial schools who do not reside along a prescribed regular school route or gather at a place along a regular school route.
Subsection (c)of K.S.A. 72-8306 requires that transportation "be provided or furnished to [private or parochial school] pupils under the same terms and conditions as are imposed upon pupils attending the public schools." This provision was added during debate of the 1978 amendment to the statute,[13] leaving no history upon which legislative intent may be derived. Any interpretation of the requirement in subsection (c) must be made in light of the requirements set forth in subsections (a) and (b). In reading the provisions together, it is determined subsection (c) requires a school district to impose the same policies, rules, and regulations upon private or parochial school pupils who are being furnished with transportation as it imposes upon its own pupils. The policies, rules, and regulations may govern such matters as pupil conduct and, should a school district choose to furnish transportation to private or parochial school pupils who do not reside along a regular school route or gather at a place along a regular school route, the rate of reimbursement to parents.[14] To interpret the provision as being a mandatory requirement that a school district reimburse a parent for costs associated in transporting a private or parochial school pupil to a gathering place along a regular school route would ignore the discretionary authority conferred under subsection (b) of K.S.A. 72-8306. "There is a presumption that the legislature does not intend to enact useless or meaningless legislation."[15]
Because there is no mandatory obligation to provide or furnish transportation to private or parochial school pupils, a school district is not required to reimburse a private individual for costs incurred in transporting the private or parochial school pupil to a gathering place along a prescribed regular school route.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Richard D. Smith Assistant Attorney General
CJS:JLM:RDS:jm
[1] K.S.A. 1999 Supp. 72-8302(a), as amended by L. 2000, Ch. 155, § 4.
[2] K.S.A. 72-8306 (emphasis added).
[3] Hartford Cas. Ins. Co. v. Credit Union 1 of Kansas, 268 Kan. 121,124-25 (1999) (internal citation omitted).
[4] In re Tax Appeal of Alsop Sand Co., Inc., 265 Kan. 510, 520
(1998).
[5] Citizens' Utility Ratepayer Board v. State Corporation Commission,264 Kan. 363, 389 (1998), quoting Kansas-Nebraska Natural Gas Co. v.State Corporation Commission, 176 Kan. 561, Syl. ¶ 1.
[6] State ex rel. Stephan v. U.S.D. No. 428, 231 Kan. 579, 584
(1982).
[7] Id. at 585. See also K.S.A. 72-8301(c).
[8] K.S.A. 1999 Supp. 72-8303, as amended by L. 2000, Ch. 155, § 2.
[9] Hartford Cas. Ins. Co., 268 Kan. at 124-25.
[10] K.S.A. 72-8306(a) (emphasis added).
[11] K.S.A. 72-8306(b) (emphasis added).
[12] Attorney General Opinion No. 81-25.
[13] 1978 Senate Journal, 1286, March 29, 1978.
[14] Attorney General Opinion No. 81-25.
[15] Hartford Casualty Ins. Co., 268 Kan. at 132, quoting KPERS v.Reimer Koger Assocs., Inc., 262 Kan. 635, 643 (1997).