NOT DESIGNATED FOR PUBLICATION

No. 122,575

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JUDITH L. WELLS,
*Appellant*,

v.

KANSAS CORPORATION COMMISSION
and
UNIT PETROLEUM COMPANY,
*Appellees.*

MEMORANDUM OPINION

Appeal from Shawnee District Court; TERESA L. WATSON, judge. Opinion filed January 15, 2021. Affirmed.

*Judith L. Wells*, appellant pro se.

*David E. Bengtson*, of Stinson LLP, of Wichita, for appellee Unit Petroleum Company.

*Jonathan R. Myers*, assistant general counsel and special assistant attorney general, for appellee Kansas Corporation Commission.

Before HILL, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: In order to seek relief on appeal one must have a direct interest in the outcome. Judith L. Wells filed a protest to the approval of Unit Petroleum Company's (UPC) application to the Kansas Corporation Commission (Commission) for a permit to operate an enhanced oil recovery well in Reno County, Kansas. UPC filed a motion to dismiss Wells' protest for lack of standing. The Commission agreed with UPC and

dismissed Wells' protest. Wells then filed a petition for judicial review to the district court where she argued the Commission did not have the authority to adopt and rely on K.A.R. 82-3-135a and K.A.R. 82-3-135b, which were the regulations the Commission relied on when it dismissed Wells' original protest. Wells admitted to the district court she had no objection to the Commission's grant of UPC's application. The district court denied Wells' motion for judicial review because it found she was requesting relief unavailable under K.S.A. 2019 Supp. 55-606(a). Wells now appeals, claiming the district court erred when it denied her petition for judicial review. Upon a careful review of the file, we agree with the district court's denial of Wells' petition for review and affirm.

FACTS

In August 2018, UPC applied for a permit with the Commission to operate an enhanced oil recovery well in Reno County and published notice of the application in the local newspaper.

Wells timely filed a request for a hearing to protest the approval of the well. Lori Lawrence, Greg Holmes, and Felix Revello also filed written protests against UPC's application, and all three requested a hearing. The Commission issued an order notifying the parties they were required to file pleadings with the Commission and scheduled a prehearing conference. The day before the scheduled prehearing conference, Wells filed a pleading.

Upon receipt of Wells' pleading, UPC filed a motion to dismiss the protests made to the Commission. In the motion, UPC argued K.A.R. 82-3-135a(e) required each protestor to file a valid protest, which was defined by K.A.R. 82-3-135b(a):

"A protest may be filed by any person having a valid interest in the application. Each protest shall be submitted in writing and shall provide the name and address of the

2

protester and the title and docket number of the proceeding. The protest shall include a clear and concise statement of the direct and substantial interest of the protester in the proceeding, including specific allegations as to the manner in which the grant of the application will cause waste, violate correlative rights, or pollute the water resources of the state of Kansas."

UPC then quoted a previous decision by the Commission, Docket No. 17-3689-CUIC, wherein it held "that a protestant can only show a 'direct and substantial interest' in the Application by alleging that '[1] he or she suffered a cognizable injury, and [2] that there is a causal connection between the injury and the challenged conduct.'" Put differently, UPC argued Wells lacked standing to protest its application based on the Commission's previous interpretation of K.A.R. 82-3-135b because she failed to demonstrate a direct and substantial interest in the proceedings and her concerns were general grievances common to all members of the public.

Wells responded to UPC's motion to dismiss by arguing she had standing to protest UPC's application. She also argued K.S.A. 2019 Supp. 55-152(a)—which generally provides for the Commission to create rules and regulations involving the construction, operation, and abandonment of any well—allowed protests without requiring actual and specific harm. Wells believed the regulations adopted by the Commission obstructed public participation in the protection of usable waters in Kansas, which contradicted the Commission's responsibilities under other Kansas statutes to protect such waters.

In December 2018, the Commission granted UPC's motion to dismiss all protests. The Commission specifically found Wells' protest was invalid:

"Her allegations do not demonstrate a direct and substantial interest in an injection well located over 200 miles from her home. Again, such a distance forecloses the possibility of demonstrating that any alleged cognizable injury she may suffer has a causal

3

connection to the proposed injection well. Ms. Wells' mere quotations of statutes, regulations and procedures are irrelevant to the protest requirements under K.A.R. 82-3-135b and the 17-3689 Docket, and further, constitute an unwarranted and unsubstantiated collateral attack on such regulations and procedures. Ms. Wells' assertions regarding engineering studies are also irrelevant to the requirements for injection well Applications, and thus, do not validate her protest. Moreover, her concerns about seismic activity and any effects from such activity are grievances common to all members of the public. Also like Ms. Hoedel's protest, Ms. Wells' statement about 'potential harm' to usable water amounts to the improper inference that *any* injection well, by its very existence, may potentially pollute usable water, and therefore, fails for the same reason. Ms. Wells failed to provide any specific allegation as to the manner in which the grant of the Operator's Application will cause waste, violate correlative rights, or pollute the water resources of Kansas. Thus, Ms. Wells' Protest and Response allege no facts specific to the Operator's particular Application which demonstrate a prima facie case for standing, and therefore, her protest is not valid."

Wells timely filed a request for reconsideration of the motion to dismiss. Similar to her response to UPC's motion to dismiss, Wells argued the Commission lacked the power and authority to adopt K.A.R. 82-3-135a and K.A.R. 82-3-135b. She also again argued the regulations were contrary to broader provisions protecting the public's rights to protect the usable water in Kansas. As relief, Wells asked the Commission to vacate its order granting UPC's motion to dismiss.

UPC's response characterized Wells' request for reconsideration as a collateral attack on the Commission's final precedential order in Docket No. 17-CONS-3689-CUIC, which the Commission relied on to dismiss Wells' protest. UPC also argued Wells failed to cite authority to demonstrate the Commission's order dismissing the protests was erroneous because Wells failed to demonstrate a prima facie case for standing.

The Commission's staff responded to Wells' request for reconsideration asking the Commission to deny Wells' motion to reconsider. The staff claimed Wells failed to meet

4

the burden of proof required by K.S.A. 77-621(a)(1), and Wells' argument the Commission did not have the statutory authority to adopt K.A.R. 82-3-135b and K.A.R. 82-3-402(c) had no direct connection to UPC's application. The Commission denied Wells' request for reconsideration. The Commission found Wells' argument was an impermissible collateral attack on K.A.R. 82-3-135b. The Commission also found K.A.R. 82-3-135b did not create a barrier to public requests for hearings and Wells failed to assert any specific error of fact or law.

Wells timely filed a petition for judicial review in January 2019, again arguing the Commission lacked the authority to adopt K.A.R. 82-3-135a and K.A.R. 82-3-135b. Wells believed she was entitled to judicial review because she had standing under K.S.A. 77-611 as a party to whom the agency action was specifically directed and as a person subject to the challenged regulation. As relief, Wells requested the district court vacate both K.A.R. 82-3-135a and K.A.R. 82-3-135b.

The Commission's staff, in its answer to Wells' petition for judicial review, admitted Wells had standing if she was challenging the dismissal of her protest because the dismissal was specifically directed towards Wells. About one week after the Commission filed its answer, UPC filed an answer to Wells' request for judicial review. Both the Commission and UPC argued Wells failed to state a claim upon which relief could be granted, attempted to improperly introduce evidence, and made an impermissible collateral attack on the Commission's regulations.

The Commission's brief to the district court argued Wells' request to have K.A.R. 82-3-135a and K.A.R. 82-3-135b vacated was relief which could not be granted. Specifically, the Commission asserted Wells' requested relief was barred under K.S.A. 2019 Supp. 55-606(a), which limited the relief the district court could grant to either affirming or setting aside in whole or in part the agency action. The Commission also argued it properly relied on K.A.R. 82-3-135a and K.A.R. 82-3-135b when it dismissed

5

Wells' protest against UPC. Additionally, the Commission contended both regulations were properly authorized under the Commission's broad rulemaking authority. Last, the Commission argued the public does not have a general right of participation in Commission dockets.

Wells, in her brief to the district court, discussed the history surrounding the adoption of the Safe Drinking Water Act and related Kansas statutes. Wells continued to argue the Commission did not have the authority to adopt K.A.R. 82-3-135a and K.A.R. 82-3-135b. She also contended she had standing to request judicial review of the same two regulations. However, Wells also stated the issues "that prompted [her] petition for judicial review are moot, but the need for review of K.A.R. 82-3-135a and b continues."

UPC, in its brief to the district court, argued Wells' request to vacate K.A.R. 82-3-135a and K.A.R. 82-3-135b was not relief the district court could grant. UPC also argued the Commission properly relied on those regulations when it dismissed Wells' protest.

Wells filed reply briefs to both the Commission's and UPC's briefs. Though not part of the record on appeal, the district court held a hearing on September 18, 2019. At the hearing, Wells sought to introduce additional evidence, but the district court ruled the evidence was inadmissible because it had not been filed properly or shared with the Commission or the district court beforehand. However, the district court did grant Wells the opportunity to file a supplemental brief.

Wells, in her supplemental brief, rehashed many of the same arguments she had previously made, attached numerous exhibits to support her claims, and asked for judicial review of the same two regulations.

The district court issued its memorandum decision, concluding K.S.A. 2019 Supp. 55-606(a) granted it limited authority to either affirm or set aside in whole or in part the

agency action. Because Wells asked the district court to invalidate both K.A.R. 82-3-135a and K.A.R. 82-3-135b, the district court found it lacked the authority to grant the relief Wells sought and denied her petition for judicial review.

Wells timely filed a motion to alter or amend the district court's judgment. Both the Commission and UPC responded asking the district court to deny Wells' motion. The district court denied Wells' motion to alter or amend the judgment.

ANALYSIS

On appeal, Wells argues the district court erred when it denied her petition for judicial review. Wells believes she met the requirements for judicial review of both K.A.R. 82-3-135a and K.A.R. 82-3-135b under the Kansas Judicial Review Act (KJRA), K.S.A. 77-601 et seq., and asks us to vacate both regulations. The Commission responds the district court was correct when it concluded it did not have authority to grant the relief Wells requested.

The district court, in its well-reasoned memorandum decision, found:

"The KCC action at issue here is the grant of UPC's application, and the action was taken pursuant to K.S.A. 55-601 to 55-609. These statutes deal with the production and sale of crude oil or petroleum. K.S.A. 77-622 defines what relief the Court may provide to one who petitions for judicial review of an agency action under the KJRA. This includes declaratory relief, among other things. See K.S.A. 77-622(b). But K.S.A. 2019 Supp. 55-606(a) specifically limits the type of relief the Court may provide in this case. Here, relief is limited to either a judgment affirming or a judgment setting aside in whole or in part the grant of UPC's application.

"The problem for Wells is that she clearly states that she does not challenge the grant of the UPC application, and she does not ask the Court to affirm it or set it aside. Instead, she asks the Court to invalidate K.A.R. 82-3-135a and 82-3-135b by declaration,

7

ostensibly for the sake of future protests. Under the plain language of K.S.A. 2019 Supp. 55-606(a), this Court has no authority to grant the relief Wells seeks. For this reason, Wells' petition for judicial review is denied. The Court will not consider Wells' arguments in regard to the validity of K.A.R. 82-3-135a and 82-3-135b."

We must determine whether the district court correctly concluded that its authority to grant relief was limited to either affirming or setting aside in whole or in part the agency action of granting UPC's well enhancement request. This question is one of statutory interpretation, which is reviewed de novo. *Nauheim v. City of Topeka*, 309 Kan. 145, 149, 432 P.3d 647 (2019).

K.S.A. 2019 Supp. 55-606(a) states:

"Any action of the commission pursuant to K.S.A. 55-601 through 55-609, and amendments thereto, is subject to review in accordance with the Kansas judicial review act. The action for review shall be brought in the district court having venue and first acquiring jurisdiction of the matter. Notwithstanding the provisions of K.S.A. 77-622, and amendments thereto, the authority of the court shall be limited to a judgment either affirming or setting aside in whole or in part the agency action."

In its brief to the district court, the Commission argued K.S.A. 2019 Supp. 55-606(a) applied because its order dismissing Wells' protest "implemented the provisions of K.S.A. 55-605 by applying K.A.R.s 82-3-135a and 82-3-135b to [Wells]." The Commission proceeded to argue that "K.S.A. 55-606 is also applicable to this appeal because the 600 series of statutes under K.S.A. 55 governs oil production, and [UPC's] Application sought injection authority for the purposes of enhancing its oil production."

The credits sections of both K.A.R. 82-3-135a and K.A.R. 82-3-135b indicate the regulations are implementing K.S.A. 55-605. That statute states, in part:

8

"Any person, or the attorney general on behalf of the state, or the state corporation commission on its own initiative, may institute proceedings before the commission upon any question relating to the enforcement of this act, or for the making, revocation, change, renewal or extension, or for the enforcement of, any rule, regulation or order thereunder, and jurisdiction is hereby conferred upon the commission to hear and determine the same." K.S.A. 55-605(a).

Thus, when the Commission dismissed Wells' protest for lack of standing under K.A.R. 82-3-135b, the action was taken pursuant to K.S.A. 55-605.

But Wells disagrees with the district court's characterization of the agency action. Near the beginning of her appellate brief, Wells notes: "This Petition for Judicial Review is not an appeal of the commission dismissal of Petitioner from a hearing on the underlying docket. The Petition for Judicial Review challenges the agency action of the adoption of a rule and regulation or order, per K.S.A. 77-602(b)(1)."

Later in her brief, she states: "Despite limitations of K.S.A. 55-606(a) if it applied, K.S.A. 55-606(a) does not prevent the court from judicial review of K.A.R. 82-3-135a and K.A.R. 82-3-135b within K.S.A. 55-606(a) restrictions to affirm the regulations or set them aside in whole or in part." She repeats her previous acknowledgement that she does not challenge the Commission's approval of UPC's application.

The Commission argues Wells' appeal is meritless for two reasons:

"First, K.S.A. 55-606(a) provides that if the Commission acts under its authority to prevent waste in the production of hydrocarbons, then upon appeal the court is limited to either affirming or setting aside, in whole or in part, the Commission's action. Second, in abandoning her request to have the Commission's actions reversed, she lost standing to contest K.A.R. 82-3-135a and K.A.R. 82-3-135b."

The Commission's arguments direct us to the last sentence of K.S.A. 2019 Supp. 55-606(a), which states: "Notwithstanding the provisions of K.S.A. 77-622, and amendments thereto, the authority of the court shall be limited to a judgment either affirming or setting aside in whole or in part the agency action."

In *Wakefield v. Corporation Commission*, 151 Kan. 1003, 101 P.2d 880, 881-82 (1940), our Supreme Court interpreted K.S.A. 55-606 as it existed at the time and numbered the various provisions contained in the statute. Though the previous version of the statute contained numerous provisions it no longer does, "[t]he thirteenth sentence read[]: 'The authority of the court shall be limited to a judgment either affirming or setting aside in whole or in part the rule, regulation, order or decision of the commission.'" 101 P.2d at 882. Our Supreme Court concluded that the language indicates "there should be a judicial review of the record, with the view of affirming or setting aside in whole or in part the rule, regulation, order or decision of the commission." 101 P.2d at 882.

The language of the previous version of the statute is nearly identical to the language contained in K.S.A. 2019 Supp. 55-606(a). However, the current version of the statute uses "agency action" instead of "rule, regulation, order or decision of the commission" as it did in *Wakefield*. The definition of "agency action" is not found anywhere in K.S.A. 55-601 through K.S.A. 2019 Supp. 55-609, but it can be found in the KJRA. K.S.A. 77-602(b) defines "agency action" as: "(1) The whole or a part of a rule and regulation or an order; (2) the failure to issue a rule and regulation or an order; or (3) an agency's performance of, or failure to perform, any other duty, function or activity, discretionary or otherwise."

Reading K.S.A. 2019 Supp. 55-606(a) and K.S.A. 77-602(b) in tandem leads us to find the agency action Wells initially challenged was the granting of UPC's application to operate an enhanced oil recovery well. This reading of K.S.A. 2019 Supp. 55-606(a)

10

supports our conclusion the agency action Wells appealed was the granting of UPC's application for well enhancement—an action that Wells indicates she no longer opposes. Wells has, therefore, failed to bring before us a justiciable case or controversy. Accordingly, Wells is not entitled to any relief.

Affirmed.