No. 56,185

Robert-Gay Energy Enterprises, Inc., *Appellee,* v. State Corporation Commission of Kansas, *et al., Appellants.*

(685 P.2d 299)

Opinion filed July 13, 1984.

*Susan Ellis,* assistant general counsel, argued the cause and *Brian Moline,* general counsel, was with her on the brief for the appellants.

*Robert L. Taylor,* of Hutchinson, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Herd, J.: This is an appeal from an order of the Edwards County District Court which found the Kansas Corporation Commission (KCC) to have acted unlawfully and unreasonably in setting the allowable of oil to be produced from a well owned by appellee.

Robert-Gay Energy Enterprises, Inc., appellee, owns an oil and gas lease in Edwards County on a three-acre tract. It desired to drill an oil well on the tract but was restricted by KCC

regulations which prohibit the drilling of wells nearer than 330 feet from any lease or unit boundary line without prior approval of the KCC. Appellee filed an application with the KCC on January 25, 1983, seeking commission authority to drill its well nearer than 330 feet to a lease line. Three interested parties protested the application, causing it to be set for hearing.

Appellee then sought to comply with the alternative provisions of K.A.R. 1983 Supp. 82-3-108 which provide an exception to the 330-foot restriction may be granted where a waiver has been signed by all offset operators and unleased mineral owners. To accomplish this, appellee acquired waivers of objection from all offset operators and unleased mineral owners whose lease lines were nearer than 330 feet to the well. This group included two of the three parties who had initially protested the application.

One unleased mineral owner who filed an objection with the KCC refused to withdraw his objection. The owner, Welton Parker, had originally agreed with appellee to sign a waiver of objection, but later breached the agreement after appellee had commenced drilling preparations on its lease. As a part of the agreement with Mr. Parker appellee had proposed to set its well within 330 feet of Mr. Parker's property line. When Mr. Parker refused to withdraw his objection, the location of the well was moved to a distance which appellee maintains is further than 330 feet from Parker's property line.

Prior to the scheduled hearing on the exception, appellee drilled its well. The Affidavit of Completion, filed by appellee's joint-venture partner, Sunwest Exploration Company, indicates the drilling of the well was commenced on March 24, 1983, and completed to a total depth of 4,600 feet on March 30, 1983. The well was drilled without approval of the KCC.

The issue as to whether authority to drill the well should be granted by the Commission to the appellee was heard by a special hearing examiner on April 4, 1983. Evidence was presented at the hearing indicating that due to financial considerations, the appellee decided to proceed with the drilling of the well during the pendency of the hearing procedure. The Commission issued an order on May 5, 1983, whereby the appellee was granted authority to drill the well and produce a total of five barrels of oil per day from the well. A temporary bonus allow-

able, which is an additional production amount granted to some wells, was denied. The reason for the denial was based upon the Commission's findings that there was uncertainty as to the distance of the well from the remaining objector's lease line and because of the appellee's willful violation of the Kansas statutes and the Commission's regulations.

A petition for rehearing was filed with the KCC by appellee on May 16, 1983. On May 23, 1983, appellee filed an application for a temporary restraining order and preliminary injunction with the United States District Court for the District of Kansas, in Wichita. The application for a temporary restraining order and preliminary injunction was denied. The action was then appealed to the United States Court of Appeals for the 10th Circuit on May 26, 1983. At the time of oral argument in this case the parties were awaiting a decision from that appeal.

The KCC declined to act on appellee's petition for rehearing. Appellee then filed a petition for judicial review and a restraining order and temporary injunction with the state district court. The district court upheld the KCC's May 5, 1983 order in part and remanded it in part.

The court ruled the KCC's order granting a five-barrel-a-day basic allowable was reasonable and therefore affirmed. The court further ruled the denial of a daily bonus allowable because of appellee's violations of the Commission's regulations amounted to a taking of appellee's property and was arbitrary and capricious. The court also ruled the Commission did not have discretion to punish an operator for regulation violations by denying a daily bonus allowable. The court ruled instead that operators who violate KCC regulations should be punished by the imposition of a monetary penalty pursuant to K.S.A. 55-164. The district court remanded to the KCC the denial of the daily bonus allowable.

After a hearing on the matter, the KCC issued an order granting the appellee authority to produce a total of 11.1 barrels of oil per day, as a basic allowable. The KCC continued to deny a bonus allowable.

Appellee again appealed to the district court. On September 6, 1983, the court ruled a monetary amount should be established to punish the appellee for regulation violations if the KCC intended to punish the appellee. The court further ordered a

bonus allowable should be considered without regard to the punishment intended for the appellee.

This appeal was then filed by the KCC.

The sole issue is whether the KCC's order limiting the production at appellee's well is reasonable and lawful.

Appellant KCC first asserts the trial court abused its authority on appeal and substituted its judgment for that of the KCC. Appellant argues the KCC has broad discretion in its regulatory authority which will be upset only when the KCC acts unlawfully or unreasonably. Appellant's support for this statement is threefold.

First, under the statutes granting power to the KCC (K.S.A. 66-101 *et seq.*), it is stated:

"[P]roceedings for review [of KCC decisions] shall be forthe purpose of having the lawfulness or reasonableness of the original order . . . determined, and the court hearing said cause shall have the power to vacate or set aside such order . . . on the ground that such order . . . is unlawful or unreasonable." K.S.A. 66-118d.

Thus, the statute which defines the power of the KCC clearly establishes the limited scope of review of appellate courts in these cases.

Second, appellant cites several Kansas cases which determine the scope of an appellate court's review in administrative agency decisions. The scope of review is limited to three questions:

"(1) Was there substantial evidence to provide a reasonable basis for the conclusion reached by the administrative body? (2) Was the action taken by the administrative board unreasonable, arbitrary, fraudulent or oppressive? (3) Was the action taken within the authority, or competence, of the administrative agency?" *Morra v. State Board of Examiners of Psychologists*, 212 Kan. 103, 106, 510 P.2d 614 (1973).

See also *Kansas State Board of Healing Arts v. Foote*, 200 Kan. 447, 436 P.2d 828 (1968).

Third, appellant cites several cases dealing specifically with the scope of review in KCC cases. This review is often stated as allowing a determination only of the lawfulness and reasonableness of the KCC actions. Support for this review is based upon K.S.A. 66-118d. See *Central Kansas Power Co. v. State Corporation Commission*, 221 Kan. 505, 561 P.2d 779 (1977); *Central Kansas Power Co. v. State Corporation Commission*, 206 Kan. 670, 482 P.2d 1 (1971); *Kansas Transport Co., Inc. v. State Corporation Commission*, 202 Kan. 103, 446 P.2d 766 (1968);

*Graves Truck Line v. State Corporation Commission,* 195 Kan. 82, 402 P.2d 757 (1965); *Midwest Gas Users Ass'n v. Kansas Corporation Commission,* 3 Kan. App. 2d 376, 595 P.2d 735, *rev. denied* 226 Kan. 792 (1979).

Appellant's argument is well supported but it must be squared with K.S.A. 55-101 *et seq.,* which applies specifically to cases involving the KCC in oil and gas regulation. The KCC's duties in this area are stated in K.S.A. 55-603:

"The state corporation commission is authorized and it shall be its duty, to so regulate the taking of crude oil from any pool within the state of Kansas as to prevent waste therein or, independently of waste, to prevent the inequitable or unfair taking of crude oil therefrom by any person and to prevent unreasonable discrimination therein [correlative rights]; and said commission is further authorized, and it shall be its duty, to prevent unreasonable discrimination in favor of any one pool as against any other pool or pools in this state in the allocation of allowable production among such pools."

K.S.A. 55-606 defines the court's scope of review in oil and gas cases:

"Any rule, regulation, order or·decision of the commission may be superseded by the district court upon such terms and conditions as it may deem proper.

". . . The court shall not be bound by any finding of fact made by the commission.

"The authority of the court shall be limited to a judgment either affirming or setting aside in whole or in part the rule, regulation, order or decision of the commission."

However, we have construed K.S.A. 55-606 to cover the same scope as K.S.A. 66-118d. In *Wakefield v. State Corporation Comm.,* 151 Kan. 1003, 101 P.2d 880 (1940), we held K.S.A. 55-606 "in providing that the district court shall not be bound by any finding of fact made by the commission, clearly indicates it was intended the district court should review the record before the commission in order to make its own independent findings of fact." 151 Kan. at 1007. In *Colorado Interstate Gas Co. v. State Corporation Comm.,* 192 Kan. 1, 386 P.2d 266 (1963), *cert. denied* 379 U.S. 131 (1964), we stated:

"The administration of the law with respect to the production and conservation of natural gas is classified in that recognized area of regulation which necessitates the authority to exercise a considerable degree of discretion. The legislature delegated that authority to the Commission and with great latitude for the exercise of discretion through the promulgation of rules, regulations, orders, and decisions." p. 14.

"What facts are to be considered and the relative weight to be accorded them are

matters left to the Commission's discretion. Unless the determination is arbitrarily or capriciously made without supporting evidence, the courts cannot interfere and substitute their judgment for that of the Commission. The question for the reviewing court is the power of the Commission to make the order, not its wisdom, propriety or expediency in having made it." p. 18.

We conclude, therefore, the rule for appellate review set out by this court in *Foote* and *Morra* is applicable to this case.

The KCC conducted two evidentiary hearings with regard to granting appellee authority to drill its well closer than 330 feet to Parker's property line. It also heard evidence on the amount of allowable production to be granted. The evidence was inconclusive on the location of the well site but was conclusive that appellee had violated the laws of Kansas and the regulations of the KCC. The violations included drilling a well without prior approval, completing the well without the supervision of KCC staff and failing to file completion information with the Conservation Division of the KCC. The KCC was justified in punishing appellee.

The question is what kind of punishment the KCC may impose for such violations. K.A.R. 1983 Supp. 82-3-110 states in pertinent part:

"(a) Any well drilled or being drilled in violation of an order or rule of the commission in effect at the time drilling commences shall be considered to be an unlawful location. Such a well shall be presumed to be in violation of correlative rights and to constitute waste. . . .

"(b) . . . [T]he commission may order the well to be permanently capped or plugged and abandoned . . . or it may permit production at a reduced rate to ensure protection of correlative rights and the prevention of waste."

The district court found the KCC's refusal to grant Robert-Gay a temporary bonus allowable constituted the taking of property without due process of law. This conclusion is incorrect. The production of oil and gas is subject to regulation by the Legislature. K.S.A. 55-604 provides:

"(A) The commission shall have and is hereby given jurisdiction and authority over all matters involving the application and enforcement of this act [act regulating production of petroleum oil, etc.], and shall have authority to make and enforce rules, regulations and orders for the prevention of waste as herein defined and for carrying out and enforcing each and all of the provisions of this act . . . ."

K.S.A. 55-704 provides for the KCC's rule-making authority:

"The commission shall promulgate such rules and regulations as may be

necessary for the prevention of waste as defined by this act, the protection of all water, oil or gas-bearing strata encountered in any well drilled in such common source of supply . . . as the commission may find necessary and proper to carry out the spirit and the purpose of this act . . . ."

In *Bay Petroleum Corporation v. Corporation Commission*, 36 F. Supp. 66 (D. Kan. 1940), the court ruled:

"Whether the [statute regulating production of oil and gas] is wise, or based upon sound economic theory, or is the best means of preventing physical or economic waste, or of protecting correlative rights of producers of oil, rest[s] exclusively with the legislature and is of no concern to the court, if the means selected have a real and substantial relation to the objects sought to be attained, and are not unreasonable, arbitrary, or capricious. . . . The sole question within the range of judicial inquiry is whether the statute and the orders entered under it transcend constitutional limitations." p. 70.

We find nothing in K.S.A. 55-604 or K.S.A. 55-704 or K.A.R. 1983 Supp. 82-3-110 which transcends constitutional limitations.

That appellee had violated KCC regulations is undisputed. By virtue of the violations. appellee is presumed to be in violation of correlative rights so as to constitute waste. Therefore, the KCC order setting the allowable and denying appellees the bonus is lawful and reasonable. However, the presumption of a violation of correlative rights and the commission of waste is a rebuttable presumption. In this case appellee can rebut the presumption by complying with all statutes and KCC regulations and satisfying the KCC its oil well is located more than 330 feet from Parker's property line. Thereafter, appellee is entitled to take its fair and equitable portion of the production from this pool pursuant to K.S.A. 55-604.

The judgment of the trial court is reversed.

HOLMES, J., not participating.